UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE MAURICE PARKS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-cv-1923-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of six motions filed by Kyle Maurice Parks: Motion for Issuance of Show Cause Order (Docket No. 3/filed November 15, 2018); Motion to Initiate Disciplinary Investigation (Docket No. 8/filed December 3, 2018); a motion seeking subpoenas (Docket No. 9/filed December 3, 2018); Motion to Compel Defense Counsel to Surrender the Case File (Docket No. 15/filed January 2, 2019); Motion for Surveillance Records (Docket No. 17/filed January 7, 2019); and Motion for Discovery and Production of Documents (Docket No. 18/filed January 8, 2019). The motions will be denied.

On January 12, 2017, a jury found Parks guilty of one count of transportation of a minor to engage in a commercial sex act in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); two counts of attempted transportation of a minor to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a); and six counts of transportation of an individual with intent to engage in prostitution in violation of 18 U.S.C. § 2421(a). On April 19, 2017, Parks was sentenced to a total prison term of 300 months, to be followed by a lifetime of supervised

1

release. *See U.S. v. Kyle Maurice Parks*, No. 4:17-cr-553-JAR-1 (E.D. Mo. 2017). On August 18, 2018, the United States Court of Appeals for the Eighth Circuit affirmed the judgment.

On November 8, 2018, Parks initiated this civil action by filing a document titled "Motion for an Evidentiary Hearing on 28 U.S.C. § 2255 Motion." (Docket No. 1). Therein, Parks stated that records in his case show he is innocent, and he set forth several statements in support. For example, he stated that law enforcement officers conspired to plant evidence in his van, that the government committed fraud upon the Court by falsely stating he used email to secure advertisement on a particular website, and that the government deliberately withheld evidence to create an uneven playing field. Parks also suggested he was the victim of unlawful search and seizure, and that evidence was fabricated. On November 15, 2018, Parks filed a petition for writ of mandamus in the United States Court of Appeals for the Eighth Circuit, asking the Court to compel attorney Joseph M. Hogan to subpoena evidence related to his innocence. On November 27, 2018, the Court of Appeals denied Parks's petition.

This Court then reviewed Parks's Motion for Evidentiary Hearing, and noted that it appeared Parks was attempting to seek relief pursuant to 28 U.S.C. § 2255. On November 28, 2018, the Court entered an order directing Parks to file an amended § 2255 motion within thirty days. On December 26, 2018, Parks moved for a ninety-day extension of time to file an amended § 2255 motion, which the Court granted. As of the date of this Memorandum and Order, Parks's amended motion is due to be filed no later than Thursday, March 28, 2019.

The Court now turns to the pending motions. In the Motion for Issuance of Show Cause Order, Parks asks this Court to order the government to show cause why his § 2255 motion should not be granted. This motion will be denied, as there is no legally viable § 2255 motion

pending before the Court. Instead, Parks filed a motion for an evidentiary hearing which was construed as an attempt to seek relief under § 2255, and he has been given the opportunity to file an amended § 255 motion. Upon the filing of Parks's amended § 2255 motion, the Court will review it and determine whether to direct the government to show cause why it should not be granted. Parks has also filed a motion asking this Court to initiate a disciplinary investigation of Howard A. Marcus, an Assistant United States Attorney. The motion will be denied, as this Court is not an investigatory body.

In Parks's remaining motions, he seeks various forms of discovery, including subpoenas to obtain photos from a hotel lobby, an order directing his former defense attorney to surrender the case file to him, hotel surveillance footage, and a motion to conduct discovery and obtain documents. These motions will be denied at this time. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in § 2255 proceedings is governed by Rule 6 of the Rules Governing § 2255 Proceedings, which generally permits discovery with leave of court for good cause shown. According to *Bracy,* before addressing whether a habeas petitioner is entitled to discovery under Rule 6, the habeas court must first identify the "essential elements" of the petitioner's claim. *See id.* Then, the habeas court must evaluate whether "'specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 908-09.

As noted above, Parks has yet to file a viable § 2255 motion. Instead, he filed a motion seeking an evidentiary hearing, which this Court liberally construed as his attempt to seek relief under § 2255. Because Parks has yet to file a viable § 2255 motion, the Court can neither

3

identify the essential elements of his claim, nor determine whether specific allegations show reason to believe he may be able to demonstrate entitlement to relief. It therefore cannot be said that Parks has established the good cause required for this Court to permit discovery under Rule 6. Parks is not entitled to discovery to assist him in preparing his amended § 2255 motion. *See U.S. v. Losing*, 601 F.2d 351, 351-53 (8th Cir. 1979) (affirming a district court's denial of a prisoner's request for discovery to assist him in preparing a § 2255 motion); *U.S. v. Barnett*, 389 F. Appx. 575 (8th Cir. 2010) (citing *Losing*, 601 F.2d 351) (a petitioner's request for discovery to assist him in preparing a § 2255 motion was premature because he had not yet filed a § 2255 motion).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Kyle Maurice Parks's Motion for Issuance of Show Cause Order (Docket No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that Kyle Maurice Parks's Motion to Initiate Disciplinary Investigation (Docket No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that Kyle Maurice Parks's motion seeking subpoenas (Docket No. 9) is **DENIED.**

**IT IS FURTHER ORDERED** that Kyle Maurice Parks's Motion to Compel Defense Counsel to Surrender the Case File (Docket No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that Kyle Maurice Parks's Motion for Surveillance Records (Docket No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Kyle Maurice Parks's Motion for Discovery and Production of Documents (Docket No. 18) is **DENIED.**

4

Dated this 15th day of January, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE