# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE MAURICE PARKS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-1923-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Kyle Maurice Parks's Third Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 106.) Respondent United States of America opposes the motion. (Doc. 30.)

### Background

On December 2, 2015, Columbus, Ohio Police Detective Mark Young, a member of the Ohio Human Trafficking Taskforce, received information that a seventeen-year-old female had run away from a juvenile residential facility. The young woman's mother called Det. Young the next day to report that her daughter had called and said that she was headed to Florida with friends. Concerned that the young woman was at risk, Det. Young received authorization to determine her location by "pinging" her cell phone. The ping indicated that the young woman was actually in St. Charles, Missouri, near the Red Roof Inn at the intersection of Highway 70 and Zumbehl Road.

Det. Young asked the St. Charles Police Department to send officers to the motel. Officers observed a gray van in the parking lot with Ohio tags registered to Movant. Thereafter, three St. Charles Police Officers went to the hotel office to ask if they had any guests from Columbus, Ohio.

1

The desk agent told the officers that two young women from Columbus were currently staying in rooms 232 and 233. The officers knocked on both rooms and were met by two adult women, a fifteen-year-old girl, and the missing juvenile for whom Det. Young was searching.

Detective Sergeant Adam Kavanaugh was the supervisor for the St. Louis County Police Department's Special Investigation Unit and part of the FBI Human Trafficking Task Force. He took over the investigation. In addition to the Ohio tags registered to Movant, documents bearing his name were found in the hotel rooms. Detective Jared Queen also spotted Movant with the same two adult women on the hotel surveillance footage, standing in the lobby. Officers interviewed the women, one of whom admitted to committing acts of prostitution for the benefit of Movant both at the Red Roof Inn and back in Ohio. During the investigation, Sgt. Kavanaugh found that Movant, his van, and a third minor female were no longer at the hotel. He notified local police departments to be on the lookout, with a photo of Movant and a description of his van.

Around 9:00 a.m. the next day, December 3, 2015, Movant walked into the St. Charles Police Station and notified the employee at the desk that he was looking for a woman. The employee, Police Services Officer David Knobel, recognized Movant from the notice and called Officer Paul Yadlosky and Detective Stephanie Kaiser to the desk. Officer Yadlosky observed Movant looking out the front window at a gray van that matched the description in the notice. Detective Kaiser was familiar with the Red Roof Inn investigation and knew that Movant had left the hotel with a minor. Both quickly walked to the parking lot to investigate the van. Inside was an unresponsive person lying on the bench seat.

In his written report, Officer Yadlosky stated that he banged on the van windows but got no response from the person inside. After opening the van's door, Officer Yadlowsky identified the person as the minor Parks had taken with him from the Red Roof Inn. Parks was detained and

2

the van was impounded and searched. Among other things, four cell phones were found in the van.

Movant was charged with one count of knowingly transporting a minor across state lines with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a). (*United States v. Parks*, 4:15-cr-00553-JAR-1 (E.D. Mo. [hereinafter *Parks*], Doc. 1.) In August 2016, a federal grand jury issued a superseding indictment charging Movant with one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), two counts of attempted sex trafficking of a minor in violation of 18 U.S.C. § 1594(a), and six counts of transporting subjects in interstate commerce for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). (*Parks*, Doc. 68.) A jury found Movant guilty on all nine counts, and the Court sentenced him to a total term of 300 months in federal prison, to be followed by lifetime supervised release. (*Parks*, Doc. 130.) The Eighth Circuit Court of Appeals affirmed the conviction and sentence (Docs. 192-195, 200-203, 206.)

Movant filed his initial § 2255 Motion on November 8, 2018. (Doc. 1.) He has since amended the motion three times. (Docs. 23, 51, 106.) On several occasion, he submitted filings styled as motions that appear to the Court to be attempts to supplement his Motion with additional substantive grounds for relief. As such, the Court granted Movant leave to file a final amended motion incorporating those supplements and any other grounds he wished to raise. (Doc. 102.) The Court made clear that the amended motion must "include[] each and every claim he wishes to bring" and cautioned him that "the filing of an amended pleading replaces the original, and claims that are not realleged are deemed abandoned." (Doc. 102 at 2.)

3

As such, before the Court are the four grounds for relief that Movant included in his most recent and final Amended Motion to Vacate:[1] (1) planting and fabrication of evidence and perjury by police officers in violation of Movant's constitutional rights to Due Process; (2) prosecutorial misconduct in suborning perjury; (3) withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) trial court error in allowing the admission of 404(b) evidence.[2] (Doc. 106.) Claims raised in earlier § 2255 Motions but not included in the operative motion are waived. (Doc. 102 at 2.) However, where the factual basis for a claim properly before the Court is unclear from Movant's third Amended § 2255 Motion, the Court will look to earlier motions to more fully understand Movant's habeas grounds.

## I. Movant's § 2255 Motion

### Legal Standard

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear*, 644 F.3d at 704. The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

### Discussion

---

[1] Movant also asserts that the Court's "continual delay" runs afoul of his constitutional rights. (Doc. 106 at 2.) To the extent Movant intends that assertion to be grounds for habeas relief, it fails outright because there has been no undue delay and the timing of rulings related to his post-conviction motion necessarily has no relation to the constitutionality of his conviction or sentence. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

[2] The Court notes that Movant directs his fourth ground at the prosecution but liberally construes his pro se filing as challenging the Court's admission of the 404(b) evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

*Due Process Violations*

### a. **Planting/Fabrication of Evidence**

Movant alleges that the officers fabricated evidence relating to the cellular phones found in his van. (Doc. 106 at 2.) "[A] purposeful police conspiracy to manufacture, and the manufacture of, false evidence" violates substantive due process. *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002). However, "[f]alse evidence or evidence derived from a reckless investigation only violates a criminal defendants' due process rights if it is 'used to deprive the defendant of [his] liberty in some way.'" *Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012) (quoting *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012)).

Specifically, Movant asserts that Det. Black reported four cell phones "belonging to 'Parks,'" when three of the phones were actually owned by women traveling with him. (*See* Doc. 23 at 6.) Movant adds that Sgt. Kavanaugh was present when the van was searched and his failure to correct Det. Black's report makes him complicit in fabricating evidence.

The Court concludes that Movant has failed to show how the allegedly fabricated evidence was used to deprive him of his liberty. First, he fails to support his claim that the officers knew or could have known that the phones did not belong to him. The Court notes that ownership of the phones was not an element of any offense nor was it a significant issue at the trial. Second, Movant fails to explain how Det. Black's alleged fabrication implicated him or how owning only one of the four phones would have supported his claim of innocence. In other words, Movant does not show that the ownership of the phones was "used to deprive the defendant of [his] liberty in some way." *Winslow*, 696 F.3d at 735. Accordingly, the Court will deny habeas relief on this ground.

5

### b. Perjury

Movant next argues that Sgt. Kavanaugh, Det. Black, Officer Paul Yadlosky, Officer David Knoble, and Detective Jared Queen lied on the stand. (Doc. 106 at 3.) "[I]n order to vacate the judgment and sentence on [perjury and subornation] grounds, two elements must be established: first, the use of perjured testimony, and, second, knowledge by the prosecuting officials at the time the testimony was used that it was perjured." *Holt v. United States*, 303 F.2d 791, 794 (8th Cir. 1962) (citing *Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956)).

In prior versions of his § 2255 Motion, Movant identified the following alleged instances of perjury: "stating that [Movant] use[d an E-mail account] to secure advertisement on backpage.com" (Doc. 1 at 2); Sgt. Kavanaugh testifying that Movant "had 'Bitcoin' stored on [his] cell phones used to place ads on backpage" (Doc. 23 at 8); Ofc. Yadlosky's testimony regarding the young woman's response to his rapping on the van window was inconsistent with his written report (*id.*); and Det. Black lied when he denied planting the cell phones (*id.* at 9).

Movant fails to show that any of the allegedly perjured statements are false. Other than Ofc. Yadlosky's statement about the woman in the van, none of Movants allegations is supported by anything but his conclusory assertion. *See Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987) (conclusory allegations are insufficient to warrant habeas relief). Further, that Ofc. Yadlosky's testimony was inconsistent with his written report, even if true, does not prove that his testimony at trial was false or that the Government knew as much. Because Movant fails to offer factual support to show that the testimony was false, the Court cannot conclude that Ofc. Yadlosky lied under oath or that the Government suborned the lie. Accordingly, the Court will deny relief on this ground.

### *Prosecutorial Misconduct*

Movant argues that the Government's alleged subornation of perjury is an independent ground for habeas relief. (Doc. 106 at 4.) "As a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.'" *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (alteration in original) (quoting *Louisell v. Dir. of Iowa Dep't of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)).

Having already found that Movant failed to prove that the alleged perjury violated his due process rights, the Court concludes that the alleged prosecutorial misconduct does not merit habeas relief. In any event, there is absolutely no evidence of any prosecutorial misconduct; once again Movant relies solely on his conclusory assertions that the testimony was false, and the Government must have known about it. Such allegations are insufficient. *Wiggins*, 825 F.2d at 1238. Accordingly, the Court will deny relief on this ground.

### *Brady Violations*

Next, Movant argues that the Government suppressed or withheld evidence from him at trial. (Doc. 106 at 4.) Suppression of material exculpatory evidence is a violation of the Fourteenth Amendment's Due Process Clause. *Brady*, 373 U.S. at 87. To demonstrate a due process violation under *Brady*, a plaintiff must show that "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." *United States v. Tate*, 633 F.3d 624, 630 (8th Cir. 2011) (quoting *United States v. Keltner*, 147 F.3d 662, 673 (8th Cir. 1998)). Plaintiff must also show that the suppression was done in bad faith. *White*, 519 F.3d at 814.

Once more, Movant's *Brady* claim is premised on the Government's failure to notify the Court of the alleged fabrication of evidence and perjured testimony. The Court concludes that, because Movant cannot support the underlying allegations of wrongdoing by the police or

7

prosecutors, he has no viable habeas claim for relief under *Brady*. More directly, Movant does not explain what evidence was allegedly withheld or how it would be exculpatory. Accordingly, the Court will deny relief on this ground.

### *Trial Court Error*

Finally, Movant asserts that the Court erred in allowing the Government to admit evidence of past criminal acts under Federal Rule of Civil Procedure 404(b). (Doc. 106 at 4.) Rule 404 prohibits the prosecution from using evidence of past criminal acts to prove that a defendant committed the charged crime but allows for admitting the evidence for other purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRCP 404(b).

Movant asserts that the 404(b) evidence was admitted based on an FBI report describing a number of online ads placed using the four cell phones and an email address that Movant claims he does not own. (*See* Doc. 23 at 15.) Movant fails to support that bald assertion with any factual allegation and, moreover, fails to show why admitting the 404(b) evidence was improper. Put simply, his conclusory assertions are insufficient. *See Wiggins*, 825 F.2d at 1238. Accordingly, the Court will deny relief on this ground.

### Conclusion

For the foregoing reasons, the Court concludes that Movant is not entitled to habeas relief under 28 U.S.C. § 2255. For the same reasons, the Court concludes that an evidentiary hearing is unnecessary.

### II. Movant's Pending Motions

Also pending before this Court are more than forty motions, including requests for appointed counsel. (Docs. 42, 71, 107.) There is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining

8

whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

Movant's ability to effectively communicate with the Court cannot be in doubt in light of his prolific filing. Likewise, Movant's numerous substantive filings demonstrate his grasp of the constitutional issues at play in his habeas case. He has fully stated what he believes to be the factual and legal bases for those issues on numerous occasions. As such, the Court finds that appointed counsel is not necessary or appropriate here.

Movant's remaining motions mostly relate to obtaining or excluding evidence. Many of them involve evidence presented at his criminal trial and appear designed to attempt to cast doubt on his conviction. Movant appears to be attempting to reopen and relitigate his underlying criminal case. Federal habeas review is a means of testing the constitutionality of his conviction, not to relitigate the evidentiary support for the jury's verdict. To the extent Movant's constitutional claims relate to evidence presented at trial, he does not explain how granting his motions to obtain or exclude evidence would bear on his § 2255 motion. Having reviewed the pending motions, the Court finds that they do not alter its analysis of Movant's substantive habeas claims and will therefore deny the motions.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Kyle Maurice Parks's Third Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 106), is **DENIED.**

**IT IS FURTHER ORDERED** that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See*

*Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

**IT IS FINALLY ORDERED** that all other pending motions in this case are **DENIED**.

Dated this 27th day of March, 2020.

                                              _____
                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE