**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KYLE MAURICE PARKS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-1923-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Movant Kyle Maurice Parks's "Motion of Rebuttal of Court's Denial of 18 U.S.C. § 2255 Relief," which the Eighth Circuit Court of Appeals referred to this Court for consideration as a Motion for Certificate of Appealability. (Doc. 149.)

**Background**

In December 2015, Movant was arrested following an investigation that included officers from Columbus, Ohio, St. Charles, Missouri, St. Louis County, and the FBI. At the time, he was traveling with several women, including minors. He was eventually charged with an convicted of one count of knowingly transporting a minor across state lines with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a), one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), two counts of attempted sex trafficking of a minor in violation of 18 U.S.C. § 1594(a), and six counts of transporting subjects in interstate commerce for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). (*United States v. Parks*, 4:15-cr-00553-JAR-1 (E.D. Mo. [hereinafter *Parks*], Docs. 1, 68.) The Court sentenced Movant to a total term of 300 months in federal prison, to be followed by lifetime supervised release. (*Parks*, Doc. 130.) The

1

Eighth Circuit Court of Appeals affirmed the conviction and sentence (Docs. 192-195, 200-203, 206.)

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 on November 8, 2018. (Doc. 1.) After amendment, he advanced four grounds for relief: (1) planting and fabrication of evidence and perjury by police officers in violation of Movant's constitutional rights to Due Process; (2) prosecutorial misconduct in suborning perjury; (3) withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) trial court error in allowing the admission of 404(b) evidence. (Doc. 106.)

The Court addressed all four grounds on their merits and denied them, finding that none of them "constituted a fundamental defect which inherently result[ed] in a complete miscarriage of justice." (Doc. 137) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)). In addition, the Court declined to issue a certificate of appealability. (*Id.* at 9.) Movant appealed the denial of his § 2255 Motion to the Eighth Circuit. (Doc. 143.) He now seeks a certificate of appealability. (Doc. 149.)

## Discussion

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed in detail in the Court's order denying Movant's § 2255 Motion, he was not denied his constitutional rights. Specifically, his claim regarding the planting or fabrication of evidence failed because he could not show that the alleged false evidence led to his being found guilty; his claim regarding perjury failed because he identified only inconsistent—not necessarily false—testimony; his claims regarding prosecutorial misconduct failed because they were premised on his failed fabrication and perjury claims; and his claim regarding the admission of prejudicial Rule 404b evidence failed

because his factual assertions were unsupported and he failed to make any argument as to why the evidence should not have been admitted.  (Doc. 137.)

Movant's motion for certificate of appealability relates in large part to an alleged inconsistency between the indictment and his conviction.  (*See* Doc. 149.)  Specifically, he argues that counts three and five of the indictment charged him with "sex trafficking of a minor" but that he was convicted of "attempted sex trafficking of a minor." (*Id.* at 1.)

As an initial matter, the Court notes that counts three and five of the superseding indictment do in fact charge Movant of attempted sex trafficking of a minor:

> did knowingly, in or affecting interstate commerce:  attempt to recruit, entice, harbor, transport, provide, or obtain or maintain by any means a person . . . knowing and in reckless disregard of the fact that such person had not yet attained the age of 18 years; knowing such person would be caused to engage in a commercial sex act . . . .

(*Parks*, Doc. 68 at 2, 3.)  In any event, such argument is outside of the scope of Movant's § 2255 Motion and therefore unrelated to the issuance of a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Kyle Maurice Parks's "Motion of Rebuttal of Court's Denial of 18 U.S.C. § 2255 Relief," which the Eighth Circuit Court of Appeals referred to this Court for consideration as a Motion for Certificate of Appealability (Doc. 149), is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this case and is directed not to accept any future filings.

Dated this 7th day of May, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE