UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE MAURICE PARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-01923-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Kyle Maurice Parks' Motion to Re-File Pursuant to 28 U.S.C. § 2253(c)(2) for Excusable Neglect. (Doc. 161).[1] This Court construes Petitioner's pro se motion liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In the course of this habeas action, Petitioner has filed numerous appeals and petitions for writ of mandamus to the Eighth Circuit Court of Appeals (Docs. 2, 55-56, 80, 109, 123, 129, 131-32, 140, 143, 147-48), all of which have been dismissed or denied. On March 27, 2020, this Court entered judgment denying Petitioner's Third Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Docs. 136-137). Petitioner filed an appeal of this Judgment (Doc. 140), but the Eighth Circuit interpreted Petitioner's notice as a petition for a certificate of appealability (Doc. 149), which this Court denied. (Doc. 153). The Eighth Circuit also separately denied Petitioner's request for a certificate of appealability. (Docs. 157, 160).

In the instant motion, Petitioner claims that he was unable to respond to an Eighth Circuit order concerning payment of docket fees due to prison lockdowns relating to the COVID-19

---

[1] This Court presumes that Petitioner is referencing Fed. R. App. P. 4(a)(5)(ii), which permits a district court to extend the time to file an appeal if a party shows excusable neglect or good cause. *See Cavallaro v. Denney*, No. 12-6123-CV-SJ-FJG, 2015 WL 163538 (W.D. Mo. Jan. 13, 2015) (discussing rule in habeas context).

pandemic. (Doc. 161 at 1). Petitioner alleges that his facility was fully on lockdown from April 1, 2020 through May 27, 2020, as well as December 8, 2020 through January 15, 2021. (*Id.* at 2). Petitioner expresses concern that his motion for certificate of appealability was denied for failure to prosecute, and he should be given an opportunity to re-file due to excusable neglect. (*Id.*).

Petitioner attached two orders from the Eighth Circuit to his motion. First, on March 23, 2020, the Eighth Circuit dismissed Appeal No. 20-1213 as moot for failure to prosecute because Petitioner did not respond to a February 28, 2020 order. (Doc. 133; Doc. 161 at 4). This dismissal concerned Petitioner's request for a writ of mandamus on various motions. (Doc. 123). These events all occurred prior to Petitioner's facility entering lockdown; accordingly, there is no plausible allegation of excusable neglect.

Second, on May 6, 2020, the Eighth Circuit indicated that Petitioner failed to pay required docket fees and ordered Petitioner to show cause within 14 days. (Doc. 150; Doc. 161 at 5). This order concerned Appeal No. 20-1668, another request for writ of mandamus. On May 15, 2020, during the alleged COVID-19 lockdown, Petitioner responded by requesting additional information. A week later, the Eighth Circuit dissolved the May 6, 2020 show cause order and indicated that Petitioner's motion for leave to proceed in forma pauperis was due by June 5, 2020. On May 29, 2020, Petitioner again requested more information but failed to file the motion for leave to proceed in forma pauperis. On June 15, 2020, the Eighth Circuit ordered Petitioner to show cause within 14 days why he still had not paid the required docket fees. Finally, on August 4, 2020, with Petitioner still having failed to properly respond or pay the docket fees, the Eighth Circuit denied the petition for writ of mandamus as moot. (Docs. 155-56). *See generally In re: Kyle Parks*, No. 20-1668 (8th Cir. 2020).

Petitioner has filed many appeals which have been substantively considered by the Eighth

Circuit. As to Appeal No. 20-1213, Petitioner failed to prosecute the appeal before any COVID-19 related lockdowns. As to Appeal No. 20-1668, Petitioner responded to the Eighth Circuit multiple times during the supposed lockdown period but simply failed to file a motion to proceed in forma pauperis or pay the required docket fees.

This Court has no ability to review the Eighth Circuit's decision to dismiss Petitioner's appeals for failure to prosecute. To the extent Petitioner is again seeking issuance of a certificate of appealability, such request is denied for the same reasons previously stated by this Court. (Doc. 153). The Eighth Circuit has also "carefully reviewed the original file of the district court" and denied Petitioner's request for a certificate of appealability. (Doc. 157). Contrary to Petitioner's claim that his request for a certificate of appealability "has never been reviewed by this Court on its merit," (Doc. 161 at 2) both this Court and the Eighth Circuit have performed a substantive review and denied the request.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kyle Maurice Parks' Motion to Re-File Pursuant to 28 U.S.C. § 2253(c)(2) for Excusable Neglect (Doc. 161) is **DENIED**.

Dated this 9th day of June, 2021.

*[signature: John A. Ross]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE