# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE MAURICE PARKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:18-CV-01923-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a filing by Petitioner Kyle Maurice Parks which this Court has construed as a Motion for Reconsideration Under Rule 60(b). (Doc. 163). This Court interprets Petitioner's pro se motion liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For the reasons discussed below, the motion will be denied.

Petitioner mailed the instant filing to the Eighth Circuit Court of Appeals, which forwarded the documents to this Court having construed them "as a possible motion for review pursuant to Rule 60(b) pertaining to the above noted case in your [C]ourt." (Doc. 163 at 2). The Eighth Circuit cited Petitioner's criminal case (*United States v. Parks*, 4:15-CR-553-JAR-1). Having reviewed the filing, however, it is apparent that Petitioner seeks reconsideration of this Court's recent Order (Doc. 162) in the above-captioned habeas case. Petitioner specifically states that the motion "is meant to attack a defect in the integrity of the federal habeas proceedings" and alleges that this Court "dismissed the petition for failure to pay the filing fee or comply with the court's orders." (Doc. 163 at 6).

Petitioner is seeking a certificate of appealability as to this Court's Order dismissing his habeas petition. (Doc. 136). On May 27, 2021, Petitioner filed a Motion to Re-File Pursuant to 28

U.S.C. § 2253(c)(2) for Excusable Neglect. (Doc. 161). Petitioner claimed that he was unable to respond to orders from the Eighth Circuit due to COVID-19 lockdowns at his prison, and his appeals should not have been dismissed given this excusable neglect. This Court noted that it has "no ability to review the Eighth Circuit's decision to dismiss Petitioner's appeals for failure to prosecute." (Doc. 162 at 3). The Court also reminded Petitioner that "both this Court and the Eighth Circuit have performed a substantive review and denied the request" for a certificate of appealability. (*Id.*). Accordingly, this Court denied Petitioner's motion.

Fed. R. Civ. P. 60(b) "authorizes relief in only the most exceptional of cases." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted). Petitioner attached to his motion 180 pages of argument and accompanying documents unrelated to the issue on which he apparently seeks reconsideration. (Doc. 164). Petitioner claims, among other things, that the prosecution in his underlying criminal case knowingly relied on false evidence, police performed unconstitutional searches, and that various of Petitioner's constitutional rights were violated in the course of trial.[1] Petitioner offers no persuasive reasoning or new evidence suggesting this Court should reconsider its previous decision regarding the Eighth Circuit's declining to issue a certificate of appealability. Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the filing by Petitioner Kyle Maurice Parks, which this Court has construed as a Motion for Reconsideration Under Rule 60(b) (Doc. 163), is **DENIED**.

---

[1] To the extent the instant motion could be construed as a general motion for reconsideration of this Court's denial of habeas relief, such motion is dismissed as being second or successive. A Rule 60(b) motion is a second or successive habeas corpus application if it contains a "claim," which includes "an attack on the federal court's previous resolution of the claim on the merits." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (internal quotation omitted). Petitioner's filing includes numerous allegations of constitutional defects in his initial conviction; such arguments clearly constitute a "claim" and render the motion second or successive, depriving this Court of jurisdiction because there has been no certification from the Eighth Circuit. *See* 28 U.S.C. § 2255(h).

- 3 -

Dated this 16th day of June, 2021.

                                         */s/ John A. Ross*
                                         JOHN A. ROSS
                                         UNITED STATES DISTRICT JUDGE