# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KYLE MAURICE PARKS,        )
                                )
        Petitioner,        )
                                )
        v.                )        No. 4:18-CV-01923-JAR
                                )
UNITED STATES OF AMERICA,   )
                                )
        Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Kyle Maurice Parks' Appeal to Attack District Court's Refusal to Compel Release of Mandatory Disclosures. (Doc. 166). For the reasons discussed below, Petitioner's filing will be construed as a Motion to Compel and denied.

On January 12, 2017, a federal jury found Petitioner guilty on all counts of a nine-count indictment charging him with sex trafficking of a minor, attempted sex trafficking of a minor, and transporting subjects in interstate commerce for the purposes of prostitution. *United States v. Parks*, 4:15-CR-553-JAR (E.D. Mo.) (hereinafter "*Parks Criminal Case*"), Doc. 114. This Court proceeded to sentence Petitioner to 300 months' imprisonment. *Parks Criminal Case*, Doc. 130. The Eighth Circuit Court of Appeals affirmed the conviction and sentence. *Parks Criminal Case*, Docs. 192-195, 200-203, 206; *see also United States v. Parks*, 902 F.3d 805 (8th Cir. 2018). On March 27, 2020, this Court denied Petitioner's motion for habeas relief under 28 U.S.C. § 2255. (Doc. 136). As this Court previously noted, Petitioner has filed numerous appeals and petitions for writ of mandamus with the Eighth Circuit during the course of this habeas action. (Docs. 2, 55-56, 80, 109, 123, 129, 131-32, 140, 143, 147-48), all of which have been dismissed or denied. (Doc. 162 at 1).

Petitioner now brings the instant filing titled "Appeal to Attack District Court's Refusal to Compel Release of Mandatory Disclosures." (Doc. 166). Petitioner apparently requests that this Court "order the United States Attorney . . . to produce for copies and inspection probable cause affidavit and warrant authorizing the entry to Petitioner's office located at 4209 / 4211 Dontyn Court." (*Id.* at 2). At Petitioner's trial, Detective Ryan Scheiderer, a Special Agent with the Ohio Bureau of Criminal Investigation, testified that he obtained and executed a search warrant for this office space in Columbus, Ohio on December 4, 2015. *Parks Criminal Case*, Doc. 170 at 141. Petitioner claims he has filed "no less than 10 motions over the years . . . seeking discovery of [the] Ohio warrant." (Doc. 166 at 3).

A jury convicted Petitioner nearly five years ago. Petitioner has filed an endless stream of appeals, petitions for writs of mandamus, motions for reconsideration, and various miscellaneous filings alleging police and prosecutorial misconduct since that time. In this closed case, the Court has already denied Petitioner's request for habeas relief (Docs. 136-37) and multiple requests for reconsideration or a certificate of appealability. (Docs. 153, 162, 165). Petitioner now seeks copies of an Ohio search warrant without offering any explanation as to his need for this discovery. This Court sees no plausible purpose to such production considering Petitioner did not challenge the Ohio search warrant in his initial motion to suppress or on appeal. *Parks Criminal Case*, Doc. 53; *Parks*, 902 F.3d at 810 ("Law enforcement officers later executed a search warrant for Parks's Ohio office suite.").

As this Court described when denying habeas relief, at which point Petitioner had more than 40 pending motions before the Court, Petitioner "appears to be attempting to reopen and relitigate his underlying criminal case." (Doc. 136 at 9). Petitioner has not explained how obtaining the Ohio search warrant would establish a viable habeas claim, and Petitioner has not previously

(or now) made any allegation of constitutional error relating to this warrant. Petitioner repeatedly cites Fed. R. Civ. P. 26, but a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). Instead, according to Rule 6(a) of the Rules Governing § 2254 Cases and § 2255 Proceedings, a judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) provides that a party requesting discovery "must provide the reasons for the request." In this closed case, where Petitioner has neither demonstrated good cause nor provided the reasons for his request, the Court will deny the instant motion seeking to compel production of the Ohio search warrant.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kyle Maurice Parks' Appeal to Attack District Court's Refusal to Compel Release of Mandatory Disclosures (Doc. 166), which this Court has construed as a Motion to Compel, is **DENIED**.

Dated this 27th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE